**STATE, ex rel. MARSHALL, Complainant, v. STEINBAUGH, Defendant.**

Juvenile Court, Muskingum County.

No. 304.

Leasure & Micheli, for complainant.
Ross Johnson, for defendant.

## OPINION

By GARY, J.

This case arises out of a paternity action which was filed in this Court on the 13th day of November, 1939. Defendant was found by the Jury to be the father of complainant's child at a hearing on November 24, 1939. Judgment was rendered upon the verdict finding the defendant to be the reputed father of complainant's child and complainant was awarded $327.00 for payment of costs incident to childbirth, and defendant was also ordered to pay $3.50 per week support beginning the 25th day of November, 1939. The defendant paid a total of $45.00 to complainant during the time from November 25, 1939 until December 13, 1955, at which time he paid the support from December 13, 1955, until May 1, 1956, being the time the said child became eighteen years of age.

This matter now is heard on the motion of complainant to reduce the support installments to a lump sum judgment together with judgment for $327.00 which had been allowed for expenses. The defendant has filed an answer in which he set up three defenses. The first defense is that the court is without jurisdiction to render a judgment in this case. The second defense is a general denial and the third defense is a plea of the Statute of Limitations in that the support order was made on November 24, 1939, and that the court is without jurisdiction to grant a judgment at this time due to the Statute of Limitations. We will consider the defenses in the order presented.

In regard to the first defense it has been held by the Supreme Court in the case of Roach v. Roach, 164 Oh St 587, that a Court has jurisdiction in a divorce action to reduce installments payments to a lump sum judgment. The Court of Appeals in the case of State, ex rel. Niven v. Tomblin, 82 Oh Ap 376, has held that the same jurisdiction applies to orders in cases of illegitimate children that applies to modification of orders in divorce actions. In view of the clear holding of the courts in these cases I believe there is no question that the court has continuing jurisdiction in the present case and that the motion of complainant to reduce the delinquent installments to a lump sum judgment is properly filed herein.

The second defense is a general denial. In as much as all of the matters in question are a matter of record in this Court and the Court's findings are based upon the previous order and records of support payments, of all of which the Court can properly take judicial notice, the general denial is obviously not a good defense and of no avail.

The third defense raises a point of novelty and one which the Court is unable to find having been raised in any reported cases. The Statute of Limitations in this State normally applies only to the commencement of an action. This is clearly stated in §2305.03 R. C. The general section for relief not provided elsewhere is §2305.14 R. C., and provides a 10 year Statute of Limitations. It is apparent that if such 10 year Statute applies the present action would be barred. However, it is the opinion of the Court that the Statute of Limitations has no bearing whatever on the present case since the Court has continuing jurisdiction and has authority to modify its order at any time while the child is still of an age that requires support. The child in this case did not become 18 years of age until May 1, 1956, and the motion to modify the order by reducing the support payments to a lump sum was filed on March 8, 1956. It is therefore clear that the court had jurisdiction at the time the motion was filed and that the Statute of Limitations is not a valid defense.

Judgment is rendered in favor of complainant in the sum of $2,867.00 with interest from March 8, 1956, and for the sum of $327.00 with interest from November 24, 1939, and for costs in this Court.